# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EVERBANK COMMERCIAL FIN., INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**NEIGHBORS GLOB. HOLDINGS, LLC,**<br><br>Defendant. | Civ. No. 2:17-3356 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff accused Defendant of breaking the terms of an equipment lease agreement and now seeks the recovery of rent, damages, and return of the leased equipment. Defendant moves to dismiss for lack of personal jurisdiction. In the alternative, Defendant requests transfer under 28 U.S.C. § 1404(a) to another venue. Per 28 U.S.C. § 1332(a), this Court has jurisdiction. The matter was taken on submission without oral argument. FED. R. CIV. P. 78(b). For the reasons below, the motion to dismiss is **DENIED** in its entirety.

## I. BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in New Jersey. Compl. ¶ 1, ECF. No. 1, Ex. A. Defendant is a Delaware Limited Liability Company with its principal place of business in Texas. *Id.* at ¶ 2. On July 15, 2016, Defendant and All Points Solution, Inc. d/b/a 3i International ("3i")—a non-party in this action—entered into a Master Equipment Lease Agreement and its associated Equipment Schedule No. xxxx5501 (jointly, "Master Lease") by which 3i leased equipment to Defendant at its Texas corporate office. The Master Lease contained a forum selection clause, which allowed "the Lessor or its Assignee" to file suit with the Lessee forever agreeing that, for any matter arising under the Master Lease, judicial proceedings would take place in courts of either the state of Lessor's or Assignee's principal place of business, or the Lessee's state of residence, or any court having jurisdiction over the Lessee or its assets, "all at the sole discretion of the Lessor." Wellford Aff., Ex. G, ¶ 25. Also, at the Lessor's election, the Lessee forever submitted to jurisdiction of its chosen court. *Id.*

Next, 3i could, without notice to Defendant, sell, assign, or otherwise transfer the Master Lease and its rights to the associated Equipment. *Id.* at ¶ 21; Compl. ¶ 15. Upon executing the Master Lease, 3i assigned it to Plaintiff. Cert. of Mark D. Elliott ¶ 6, ECF No. 15; Wellford Aff. ¶ 19. Then, upon Plaintiff's request,

1

Defendant made recurring monthly lease payments to Plaintiff's New Jersey office. Gruenert Aff. ¶ 16; Wellford Aff. ¶ 28. When Defendant ceased making payments, questioning Plaintiff's interest in the Master Lease, *see* Gruenert Aff. ¶ 13; Wellford Aff. ¶ 29, Plaintiff filed suit in New Jersey Superior Court, seeking to recover monies owed, damages, and return of the leased equipment. Compl. ¶¶ 20-26. Defendant timely removed the action here and filed this motion to dismiss for lack of personal jurisdiction, arguing the Master Lease's forum selection clause is not enforceable and that, should this Court exercise personal jurisdiction over Defendant, the matter be transferred to the Southern District of Texas.

## II. LEGAL STANDARD

As a waivable right, a party may give "express or implied consent to the personal jurisdiction of the court," *Burger King*, 471 U.S. 462, 472 n.14 (1985) (citation omitted), by incorporating a forum selection clause in an agreement. *See, e.g.*, *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964). "Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust . . . their enforcement does not offend due process." *Burger King*, 471 U.S. at 472 n.14 (internal quotations and citations omitted). By agreeing to such a clause, the parties acknowledge suit may be brought in the chosen forum as to claims relating to or arising out of an agreement. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). It follows that a party seeking to enforce a forum selection clause may do so through the *forum non conveniens* doctrine. *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 579-80 (2013) ("*Atl. Marine*"). In applying the "balancing-of-interests standard [like a Section 1404(a) transfer], courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 580.

## III. DISCUSSION

Plaintiff argues the Court has personal jurisdiction over Defendant because, for disputes arising under the Master Lease, the forum selection clause allows it to file suit in any court in the Lessor's or its assignee's principal place of business. On the other hand, Defendant argues the Court has no personal jurisdiction because the clause is invalid and that the Master Lease itself was procured through fraud. Also, Defendant contends that even if the clause was deemed applicable, this action should be transferred to the Southern District of Texas.

### A. Forum Selection Clause's Validity

In diversity cases, federal law governs enforcement of a contractual forum selection clause. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (1995). A forum selection clause is presumptively valid and enforceable unless the objecting party shows enforcing it would be "'unreasonable' under the circumstances." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen*, 407 U.S. at 10). To find a forum selection clause "unreasonable," the defendant

must make a "strong showing," *M/S Bremen*, 407 U.S. at 15, "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989); *see also M/S Bremen*, 407 U.S. at 15, 18.

Defendants here have failed to make a strong showing that enforcing the forum selection clause would be unreasonable under the circumstances. First, Defendant has not shown how enforcing the clause would "contravene a strong public policy" of New Jersey. *See M/S Bremen*, 407 U.S. at 15. Second, there lacks evidence to indicate litigating the action in New Jersey "will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* at 18. And third, there lacks evidence showing Plaintiff "obtained [Defendant's] accession to the forum clause by fraud or overreaching." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). Instead, Defendant argues the entire contract was procured by fraud and questions whether Plaintiff, acting as the Lessor in the Master Lease, has the right to collect the monthly payments. Indeed, "even if it were procured by fraud, the venue provision would be valid by analogy to the arbitrability of disputes arising out of contracts procured by fraud when there is no argument that the arbitration provision itself was procured by fraud." *Stephan v. Goldinger*, 325 F.3d 874, 879 (7th Cir. 2003).

Despite 3i and Plaintiff averring an assignment took place, even if Defendant disputes such assignment, there is persuasive authority showing that, so long as it is foreseeable for the party against whom the clause would be enforced, a "non-signatory may enforce or be bound by a forum-selection clause." *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 408 n.13 (3d Cir. 2017) (citing *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 717-20, 722-24 (2d Cir. 2013); *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1299 (11th Cir. 1998); *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)). The record reflects Plaintiff and Defendant commenced the Master Lease when Defendant confirmed delivery and acceptance of the leased equipment, Compl. ¶ 14; Wellford Aff., ¶¶ 21-22. Also, the parties held subsequent post-contract discussions and Defendant, at Plaintiff's request, sent monthly lease payments to its New Jersey office. Wellford Aff. ¶ 28; Gruenert Aff. ¶¶ 14-16. Thus, with a forum selection clause being presumptively valid and enforceable and the dispute arising out of the Master Lease, Defendant has failed to carry its burden to show how enforcing the clause would be unreasonable. As the Court finds the forum selection clause valid and enforceable, it will now address Defendant's request to transfer venue.

## B. Transfer of Venue

"For the convenience of parties and witnesses, in the interest of justice," a court may transfer a case to where it could have been filed. 28 U.S.C. § 1404(a). To transfer, venue must be proper and the court must have personal jurisdiction over the parties. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1974). If met, the court can address the transfer, which "is not to be liberally granted." *Id.* at 25. The burden rests on the movant to show "a balancing of proper interests weigh in favor of the transfer." *Id.* Thus, a court will weigh the *Jumara* "private" and "public" interest factors. 55 F.3d at 879.

When a case involves a valid forum selection clause, it alters the Section 1404(a) analysis in that the forum choice of the party resisting the clause's enforcement "merits no weight." *Atl. Marine*, 134 S. Ct. at 581. And the private interests factors[1] are "weigh[ed] entirely in favor of the preselected forum," leaving the court to address the public interest factors only. *Id.* at 582. The public interest factors include: (1) the ability to enforce a judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) administrative concerns with court congestion; (4) deciding local controversies at home; (5) public policies of each fora; and (6) the court's familiarity with applicable state law. *Id.* at 879-80 (citation omitted). "Because [the public interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* In applying the *Atlantic Marine* framework, the Court finds the circumstances here fail to warrant transfer to another venue.

As a threshold matter, this action could have been brought in the Southern District of Texas because Defendant has its principal place of business in Houston, Texas, Gruenert Aff. ¶ 2, and a substantial part of the events giving rise to the claim occurred in Texas. Plaintiff does not dispute the alternate venue as being proper, but argues, in light of the forum selection clause allowing Plaintiff to elect a New Jersey forum and giving deference to Plaintiff's choice of venue, *see Jumara*, 55 F.3d at 879, the public and private interest factors weigh heavily against transfer. Next, in entering into the Master Lease with its valid forum selection clause, Defendant's choice of forum—as the party resisting the clause's application— carries no weight because, when it signed the Master Lease, it "waived the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation." *Atl. Marine*, 134 S. Ct. at 582.

Finally, the public interest factors alone fail to support a transfer. As to practical considerations, although Defendant and 3i's employees reside in Texas,

---

[1] The private factors include: (1) plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) convenience of the parties; (5) the convenience of expected witnesses; and (6) the location of books and records. *Jumara*, 55 F.3d at 879 (citation omitted).

that serves as no bar to litigating this action in New Jersey because this Court presents no unreasonable obstacle as a convenient forum for the parties and witnesses. Defendant's proposed change of venue to make trial easy, expeditious, and less expensive in a less court-congested district merely represents a shifting of inconveniences from Defendant to Plaintiff and from having a different court oversee the action. Further, 3i has agreed to make its employees available for depositions at its Texas office and has waived objections to providing in-court testimony here. Further, the Court recognizes the parties are litigating in a Texas state court, *see* ECF No. 9-4, Ex. 1, but Defendant's filing of the Texas state court action against 3i and Plaintiff on the same day of removing Plaintiff's suit to this Court does not militate against continuing this proceeding. In all, this case is of usual circumstance and, with a valid forum selection clause, the lack of overwhelming public factor considerations counsels against transfer.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** in its entirety. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 21, 2017**